UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTIST PUBLISHING GROUP, LLC d/b/a APG, a Delaware Limited Liability Company; KMA ASSETS I LP, a Delaware Limited Partnership; KMA ASSETS II LIMITED, a United Kingdom Private Limited Company; KOBALT MUSIC PUBLISHING AMERICA, INC. d/b/a KMPA, a Delaware Corporation; NOTTING HILL MUSIC, INC., a New York Corporation; and PRESCRIPTION SONGS, LLC, a California Limited Liability Company, <br><br>　　　　　Plaintiffs, <br><br>　　　　　v. <br><br>NEW YORK KNICKS, LLC, a Delaware Limited Liability Company; and DOES 1-10, inclusive, <br><br>　　　　　Defendants. | Case No: 1:24-cv-05460-LJL <br><br> **ANSWER TO COMPLAINT** |

## ANSWER TO COMPLAINT

Defendant NEW YORK KNICKS, LLC ("Defendant" or the "Team"), by and through its undersigned attorneys, answers the Complaint of Plaintiffs ARTIST PUBLISHING GROUP, LLC (d/b/a "APG"), a Delaware Limited Liability Company; KMA ASSETS I LP, a Delaware Limited Partnership; KMA ASSETS II LIMITED, a United Kingdom Private Limited Company; KOBALT MUSIC PUBLISHING AMERICA, INC. (d/b/a "KMPA"), a Delaware Corporation; NOTTING HILL MUSIC, INC., a New York Corporation; and PRESCRIPTION SONGS, LLC, a California Limited Liability Company (collectively, "Plaintiffs") as follows:

## NATURE OF THE ACTION

1. The allegations set forth in paragraph 1 of the Complaint characterize the Plaintiffs' Complaint, which speaks for itself. To the extent any allegations in this paragraph allege wrongdoing by the Team, such allegations are denied.

1

## PLAINTIFF [sic]

2. The Team lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 2 of the Complaint, and on that basis denies those allegations.

3. The Team lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 3 of the Complaint, and on that basis denies those allegations.

4. The Team lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 4 of the Complaint, and on that basis denies those allegations.

5. The Team lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 5 of the Complaint, and on that basis denies those allegations.

6. The Team lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 6 of the Complaint, and on that basis denies those allegations.

7. The Team lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 7 of the Complaint, and on that basis denies those allegations.

## DEFENDANTS

8. Responding to paragraph 8 of the Complaint, the Team admits that NEW YORK KNICKS, LLC is a Delaware Limited Liability Company with its principal place of business in New York, New York.

9. Plaintiffs' allegation that they "will seek leave to amend this complaint to allege

the true names and capacities of these Defendants when the same have been ascertained" is not a proper factual allegation and does not require a response. With respect to the remaining allegations in paragraph 9, the Team lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth therein, and on that basis denies those allegations.

10. The Team denies the allegations set forth in paragraph 10 of the Complaint.

**JURISDICTION AND VENUE**

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required.

12. The allegations in paragraph 12 of the Complaint regarding the conclusion that there is personal jurisdiction over Defendants states a legal conclusion to which no response is required. The Team denies the remaining allegations in paragraph 12 to the extent they pertain to the Team, and specifically denies the allegation of wrongdoing or injury to Plaintiffs. With respect to the allegations in paragraph 12 pertaining to parties other than the Team, the Team lacks knowledge or information sufficient to form a belief about the truth of those allegations and on that basis denies the same.

13. The allegations in paragraph 13 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Team denies such allegations.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

14. The Team lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Complaint, and on that basis denies those allegations.

15. The Team lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Complaint, and on that basis denies those allegations.

16. Responding to paragraph 16 of the Complaint, the Team admits that NEW YORK KNICKS, LLC owns and operates the National Basketball Association (NBA) team known as the

New York Knicks.[1]

17. Responding to paragraph 17 of the Complaint, the Team admits that it is the administrator of accounts with Facebook, Instagram, X, YouTube, and TikTok, and that there is a page on the NBA.com website directed to the Team, which contains content relating to news, promotional videos, highlights, links to purchase merchandise using the Team's brand, and game tickets. The Team denies all remaining allegations of paragraph 17 of the Complaint.[2]

18. Responding to paragraph 18 of the Complaint, the Team admits that it owns numerous active United States trademark registrations and copyright registrations and that, when appropriate, it enforces its rights. The Team denies all remaining allegations of paragraph 18 of the Complaint.

19. The allegation in paragraph 19 of the Complaint that "Defendants did not obtain Plaintiffs' license, authorization, or consent to synchronize the Works with the Videos" calls for a legal conclusion to which no response is required. The Team lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19 of the Complaint, and on that basis denies those allegations.

## FIRST CAUSE OF ACTION
### DIRECT COPYRIGHT INFRINGEMENT
**(Against all Defendants)**

20. The Team incorporates by reference its responses to paragraphs 1-19 above, as if fully set forth here.

21. The Team denies the allegations in paragraph 21 of the Complaint.

22. The Team denies the allegations in paragraph 22 of the Complaint.

---

[1] Plaintiffs' footnote no. 1 does not contain a factual allegation and therefore does not require a response.

[2] Plaintiffs' footnote no. 2 does not contain a factual allegation and therefore does not require a response.

23. The Team denies the allegations in paragraph 23 of the Complaint.

24. The Team denies the allegations in paragraph 24 of the Complaint.

25. The Team denies the allegations in paragraph 25 of the Complaint.

26. The Team denies the allegations in paragraph 26 of the Complaint.

27. The Team denies the allegations in paragraph 27 of the Complaint.

**SECOND CAUSE OF ACTION**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT**
**(Against all Defendants)**

28. The Team incorporates by reference its responses to paragraphs 1-27 above, as if fully set forth here.

29. The Team denies the allegations in paragraph 29 of the Complaint.

30. The Team denies the allegations in paragraph 30 of the Complaint.

31. The Team denies the allegations in paragraph 31 of the Complaint.

32. The Team denies the allegations in paragraph 32 of the Complaint.

33. The Team denies the allegations in paragraph 33 of the Complaint.

**THIRD CAUSE OF ACTION**
**VICARIOUS COPYRIGHT INFRINGEMENT**
**(Against all Defendants)**

34. The Team incorporates by reference its responses to paragraphs 1-33 above, as if fully set forth here.

35. The Team denies the allegations in paragraph 35 of the Complaint.

36. The Team denies the allegations in paragraph 36 of the Complaint.

37. The Team denies the allegations in paragraph 37 of the Complaint.

38. The Team denies the allegations in paragraph 38 of the Complaint.

39. The Team denies the allegations in paragraph 39 of the Complaint.

## PRAYER FOR RELIEF

40. WHEREFORE, The Team denies that any of the Plaintiffs are entitled to any relief whatsoever, including damages—either actual with disgorgement or statutory, including any injunctive or other equitable relief, and including attorneys' fees and costs.

## AFFIRMATIVE DEFENSES

41. Without assuming the burden of proof on any matters where that burden rests on Plaintiffs, the Team asserts the following separate defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

42. Plaintiffs' causes of action are barred, in whole or in part, for failure to state causes of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations, 17 U.S.C. § 507)

43. Plaintiffs' causes of action are barred, in whole or in part, by the relevant statute of limitations because the Complaint was filed more than three years "after the claim accrued." 17 U.S.C. § 507.

44. A cause of action ordinarily accrues when a plaintiff has a complete and present cause of action. In other words, the limitations period generally begins to run at the point when the plaintiff can file suit and obtain relief. A copyright cause of action thus arises or accrues when an infringing act occurs. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U. S. 663, 670 (2014). This standard principle of law and statutory interpretation is called the "injury rule." Under the injury rule, Plaintiffs' causes of action are barred, in whole or in part, because the uses of music for which they complain occurred more than three years prior to the filing of the Complaint. There is no reason in law or fact to deviate from the injury rule in this case. *See Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366 (2024) (Gorsuch, J., dissenting).

45. Even if a different rule (*e.g.*, the "discovery rule") were applied, Plaintiffs' causes of action would be barred, in whole or in part, because Plaintiffs either knew or should have known about the allegedly infringing uses more than three years prior to the filing of the Complaint. Plaintiffs, through their agents, first gave notice that they were aware of accused uses of music on April 8, 2021 (the "First Notice Date"), which is more than three years prior to the filing of the Complaint.

46. Subsequently, it has been revealed that Plaintiffs, through their agents, employed software programs to search the Internet for uses of music, and those programs created a database of accused uses (the "Archive"). On information and belief, the Archive identified uses which are the subject of this Complaint long before the First Notice Date. Despite numerous requests, Plaintiffs have refused to produce the Archive, or respond to queries about the date of creation of the Archive, when Plaintiffs and/or their agents first became aware of these alleged infringements, or when Plaintiffs engaged agents and/or software programs to search for potential infringements. Nonetheless, because Plaintiffs, through their agents, had all of the information necessary to file suit and obtain relief more than three years prior to the filing of the Complaint, their causes of action are barred, in whole or in part, by the statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**
**(Copyright Misuse)**

47. Plaintiffs' causes of action are barred, in whole or in part, because they engaged in copyright misuse. Among other things, Plaintiffs attempted to leverage their copyright registrations along with threats of attorneys' fees in order to extort from the Team disproportionate payments for allegedly infringing uses. At the same time, Plaintiffs refused to provide the Team with the data revealing the totality of the music the Team allegedly infringed.

## FOURTH AFFIRMATIVE DEFENSE
### (Implied License)

48. Plaintiffs' causes of action are barred, in whole or in part, because the Team possessed an express and/or implied license to use Plaintiffs' alleged copyrighted works.

## FIFTH AFFIRMATIVE DEFENSE
### (Fair Use, 17 U.S.C. § 107)

49. Plaintiffs' causes of action are barred, in whole or in part, because any use the Team made of Plaintiffs' copyrighted work was a fair use.

## SIXTH AFFIRMATIVE DEFENSE
### (First Amendment)

50. Plaintiffs' causes of action are barred, in whole or in part, because the Team's alleged conduct is protected by the First Amendment of the United States Constitution and by applicable state constitutions.

## SEVENTH AFFIRMATIVE DEFENSE
### (Acquiescence)

51. Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

52. Plaintiffs' causes of action are barred, in whole or in part, by the doctrines of waiver and estoppel.

## NINTH AFFIRMATIVE DEFENSE
### (Laches)

53. Plaintiffs' claims for equitable relief are barred, in whole or in part, by the doctrine of laches.

54. The Team reserves the right to add, alter, and/or amend the Answer and its Defenses as may later become available and apparent to it and to withdraw any defenses that it determines to be inapplicable.

Date: New York, New York
October 15, 2024

Respectfully submitted,

**BARNES & THORNBURG LLP**

By: */s/ David S. Slovick*
David S. Slovick
New York Bar No. 5337811
390 Madison Avenue, 12th Floor
New York, New York 10017
Telephone: (646) 746-2000
Facsimile: (646) 746-2001
Email: David.Slovick@btlaw.com

- and -

Anna Kalinina *(admitted pro hac vice)*
Texas Bar No. 24092605
2121 N. Pearl Street, Suite 700
Dallas, TX 75201-2469
Telephone: (214) 258-4200
Facsimile: (214) 258-4199
Email: Anna.Kalinina@btlaw.com

*Counsel for Defendant New York Knicks, LLC*

### CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on this 15th day of October, 2024, the foregoing pleading was served upon all counsel of record via the Court's CM/ECF system.

*/s/ David S. Slovick*
David S. Slovick